# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHAIDON BLAKE, aka SHAMVOY SMITH #343938 | * |
| Plaintiff | * |
| v. | *   Civil Action No.: 8:09-CV-02367-AW |
| GARY MAYNARD, et. al., | * |
| Defendants | * |

## DEFENDANT MADIGAN'S MOTION FOR A NEW TRIAL AND MOTION TO ALTER OR AMEND THE JUDGMENT ENTERED

The Defendant, James Madigan, by Douglas T. Sachse and the Law Offices of Douglas T. Sachse, moves this Court to grant him a new trial, or, in the alternative, alter or amend the judgment entered by the jury in this matter on February 27, 2013, and for reasons, states:

1. This matter was tried before the Honorable Alexander Williams, Jr. and a jury on February 26, 2013 and February 27, 2013. The issues presented to the jury were whether the Defendant used excessive force against the Plaintiff in an incident that occurred on June 21, 2007 and, if so, was he (the Plaintiff) entitled to nominal, compensatory and/or punitive damages. The Defendant made a Motion for Judgment at the end of the Plaintiff's case based partially on the lack of any expert medical opinion establishing a causal connection between the incident of June 21, 2007 and any injuries sustained by the Plaintiff, but the Court reserved on this Motion. On February 27, 2013, the matter was submitted to a jury and the jury returned a verdict in favor of the Plaintiff and awarded the Plaintiff compensatory damages in the amount of $50,000.00 (Fifty thousand dollars and no cents).

2.      On February 27, 2013 the Court entered an Order of Judgment in favor of the Plaintiff and against the Defendant in the amount of $50,000.00 (Fifty thousand dollars and no cents) compensatory damages.

3.      At the trial of this matter, the Plaintiff did not enter into evidence any proof of economic damages sustained by him. With regard to noneconomic damages, the only evidence offered was his own testimony of the continuing pain and discomfort he felt as a result of the alleged excessive force used upon him by the Defendant, and certain medical reports outlining his various complaints. No expert testimony was offered to causally link these complaints to the alleged excessive force committed by the Defendant on June 21, 2007.

4.      The Defendant offered into evidence numerous exhibits concerning the complaints of pain and discomfort suffered by the Plaintiff as a result of being physically assaulted and dropped on his head in an incident that occurred on June 6, 2006, which was more than one year prior to the incident complained of by the Plaintiff in this case. Additionally, the Defendant entered into evidence several reports that were from visits by the Plaintiff well after the 2007 incident in which the Plaintiff attributed his complaints of pain and discomfort to the incident of June 6, 2006, and not to the incident of June 21, 2007.

5.      The jurors had all of these exhibits before them during their deliberations. During the deliberations, the jurors sent out a note in which it was stated, *"We are struggling with a compensatory dollar amount for Mr. Blake. Is there any example you could provide us with for similar cases with similar scope? We are trying our best to provide the fairest dollar amount."* The court appropriately advised the jury to continue with its deliberations and to review Instructions 24 and 25. After this, the jury returned its verdict.

6.It is clear from the note that, although the jury believed that excessive force had been used, it was confused in what amount to award damages as there was really no evidence of what the damages were.  There was absolutely no medical evidence whatsoever presented in which an expert rendered an opinion as to the causal connection between the incident of June 21, 2007 and the complaints of the Plaintiff, especially in light of the exact same complaints of pain and discomfort made by the Plaintiff following the incident of June 6, 2006. There was no medical evidence by an expert provided by the Plaintiff to establish that the June 6, 2006 injuries had been aggravated by the incident of June 21, 2007, or, if they had been aggravated, to what extent. Accordingly, the jury found itself roaming in the darkness in an effort to affix an appropriate damages amount.  All the jury could do was rely on guesswork, and this is specifically not permissible.

7.When a complicated issue of **medical causation** arises, expert testimony is almost always required. *S.B. Thomas, Inc. v. Thompson,* 114 Md.App. 357, 382, 689 A.2d 1301 (1997); *Stokes, supra, 120 Md.App. at 359, 707 A.2d 412, Giant Food, Inc.et.al. v. Booker, 152 Md. App. 166, 831 A. 2d. 481 (2003).*  In the case at bar, the question of what, if any, of the alleged injuries complained of by the Plaintiff were caused by the incident of June 21, 2007 was an extremely difficult and complex issue.  The only piece of evidence the jury had as to possible aggravation of a pre-existing condition was the increase in the medication known as neurotin as set forth in the exhibits.  But, there was no expert tesitimony as to what this drug is prescribed for or that the increase in dosage was at all attributable to the June 21, 2007 incident, especially as there was also evidence that the dosage of this drug had increased fairly steadily since the time of the June 6, 2006 incident.

8.      The Plaintiff argued that he suffered head injuries in the 2006 incident, but that these injuries had been aggravated by the 2007 incident.  There was absolutely nothing upon which the jury could rely in making its determination as to compensatory damages.  The Plaintiff was required to present expert medical testimony as to causation, but failed to do so.

WHEREFORE**,** the Defendant respectfully requests that this Honorable Court Order that:

a)      The judgment be altered or amended to allow for a verdict of nominal damages only to the Plaintiff, or

b)      The Defendant be granted a new trial.


**DOUGLAS T. SACHSE**
606 Baltimore Avenue, Suite 402
Towson, Maryland 21204
(410)823-0711
dsachse@tdslawoffices.com

### GROUNDS AND AUTHORITIES

1.      *S.B. Thomas, Inc. v. Thompson,* 114 Md.App. 357, 382, 689 A.2d 1301 (1997); *Stokes, supra, 120 Md.App. at 359, 707 A.2d 412*

2.      *Giant Food, Inc.et.al. v. Booker, 152 Md. App. 166, 831 A. 2d. 481 (2003)*

3.      Federal Rules of Civil Procedure, Rule 59


Douglas T. Sachse